**STATE *vs.* COTTON.**

APPEAL FROM THE COURT OF THE SEVENTH DISTRICT, FOR THE PARISH OF

OUACHITA, THE JUDGE OF THE FIFTH PRESIDING.

On the failure of the accused to appear when called on the second day of the term, a judgment *ni si* only is to be entered, which may be *set aside* during the same term, on the appearance of the party accused.

So where a party accused and his sureties failed to appear on the second day of the term and a judgment was entered up against them; and afterwards, but during the term, the principal surrendered himself: *Held,* that the judgment should have been set aside on his appearance in court.

This is an appeal from a judgment on a recognizance or bail bond.

The defendant being committed on a criminal charge gave bail for his appearance at court at the April term, 1841, for the parish of Ouachita. The grand jury found a bill of an indictment for rape, and on calling out the defendant on his recognizance he failed to appear, and judgment of forfeiture was entered on the minutes in the sum of $2000, the amount of his bond. A bench warrant issued, the defendant brought in, formally arraigned, and on the part of the State, the case was continued until the next term. The defendant gave bail for his appearance accordingly.

A motion was made by the defendant's counsel to set aside the judgment of forfeiture, which was opposed by the District Attorney and the motion refused by the court. The defendant appealed.

*M· Guire, District Attorney,* on the part of the State.

*Garrett & Downs,* for the defendant.

*Garland, J.* delivered the opinion of the court.

The defendant being charged with a criminal offence entered into a bond for the sum of $2000, with two securities in the sum of $1000 each, the condition of which was, he should appear before the District Court of the parish of Ouachita, at the

April term, 1841, to answer to the offence with which he was charged. An indictment was found by the Grand Jury, the defendant then being in attendance ; a short time after which, he wishing to return home, as he says to prepare for his trial spoke to the deputy clerk and another person of his intentions and asked their advice. By those persons he was informed that he could not be tried until three days after service of a copy of the indictment, and *venire* had been served on him. He then requested those persons to inform his counsel if he should be wanted, that he had gone home and should return on the third day afterwards with his witnesses. The next day, the District Attorney called for the defendant to arraign him, and he not appearing, his securities were called upon to produce him, which they failing to do instanter, the District Attorney moved the court to enter up a judgment forthwith for the amount of the bond, to wit : $2000 against the principal, and $1000 against each of the securities, which judgment the court gave immediately. A bench warrant was issued and the sheriff went to arrest the defendant, who was from home when the sheriff arrived at his house, but hearing that the officer was in pursuit of him, he came immediately, surrendered himself and accompanied the deputy sheriff to the court-house, where they arrived before there could in the ordinary course of business have been a trial, if the defendant had not gone away. The deputy sheriff says the defendant made no effort to escape, which he might easily have done if he had wished. As soon as the defendant arrived his securities surrendered him, and they were subsequently discharged from all liability. The defendant also showed cause and endeavored to get the judgment *ni si* set aside as to him, which the judge refused and made it final, from which he appealed.

This proceeding took place under the first section of the act of 1837, p. 98, relative to the recovery of bonds and recognizances in criminal cases. This act authorizes the District Attorney to call on a party accused of any offence, (who has given bond,) at any time on or after the second day of the

WESTERN DIS.
*October*, 1841.

STATE
*vs.*
COTTON.

On the failure of the accused to appear when called on the second day of term, a judgment *ni si* only is to be entered, which may be *set aside* during the same term, on the appearance of the party accused.

So where a party accused and his sureties failed to appear on the second day of the term, and a judgment was entered up against them; and afterwards, but during the term the principal surrendered himself: *Held*, that the judgment should have been set aside, on his appearance in court.

term, to appear, and if he do not, and if the securities when called fail to surrender him, then the District Attorney may on motion have a judgment entered against both principal and sureties *in solidum* for the full amount of the bond. Which judgment may, during the same term of the court, be set aside upon the appearance, trial and acquittal, or conviction and punishment of the party accused, or if it is proved the party is prevented from attending by some existing physical debility.

In a very little time after the defendant returned to the court-house and was surrendered by his sureties, he was arraigned, his case was continued on his application to procure witnesses, and he gave bond and security *in solido* for four thousand dollars to secure his appearance at the succeeding term of the court. Notwithstanding all this, the district judge made the judgment *ni si* final, because the defendant was not tried at that term of the court.

We think the judge has given a too literal and rigid interpretation to the law. Its object was to secure attendance at court, of the persons accused of offences, to answer the accusations prefered against them, and should be executed in a way that will attain that object, and not to punish parties in advance. Suppose in this case, the State had not been ready for trial, and the District Attorney had applied for a continuance, according to the literal application given to the law, the defendant would have been still obliged to pay his bond, which would have been unjust. He would certainly be entitled to a release upon the ground that the prosecution was not under his control, but that of the laws of the country, and he could not prepare the cause for trial in behalf of the State. Now we are to presume, he showed sufficient cause in the District Court to entitle him to the continuance that was granted, whereby the requisites of the law were fulfilled and public justice satisfied. A citizen ought not in a criminal presecution, without some fault on his part, be put in such a situation, that he must incur a heavy pecuniary loss, or go to trial under circumstances that would almost if not completely insure his conviction.

Nearly every case has its circumstances of mitigation or ag- <span style="float:right;">WESTERN DIS.<br>October, 1841.</span>
gravation, which should have their due weight in forming an
opinion in relation to it.   In this, we cannot see any intention <span style="float:right;">JONES<br>vs.<br>YOUNG.</span>
to avoid a trial or to escape, on the contrary, the defendant
although badly advised, seems to have been desirous of pre-
paring for trial, and was possibly prevented from getting ready
by being arrested when he was in search of his witnesses.

The judgment of the District Court is therefore annulled,
avoided and reversed, and a judgment given for the defendant.