## The State v. Eugene Martel and others.

Where the condition of a recognizance is, that the principal shall appear at court to answer such matters and things as may be objected against him on behalf of the State, and shall not depart the said court, without leave thereof; and no formal surrender has been made of him to the sheriff by his sureties, and the accused effects an escape from the court room while the jury are deliberating on his case, the recognizance will be forfeited.   His sureties might have released themselves, at any time, by a surrender of their principal ; but until manifesting, by an actual surrender, their intention to be no longer bound, the principal remained in their custody, notwithstanding his appearance in court.

APPEAL from the District Court of St. Landry. Eugene Martel being in custody under an indictment for perjury, was released on entering into a recognizance in the sum of $2000, with Chachère and Briant, as his sureties, the condition of which was as follows,: "That if the said Eugene Martel shall personally be and appear before the Fifth District Court, in and for the parish of St. Landry, on the 25th day of November instant, or should the said court not be then held, then, on the first day afterwards on which the said court shall be held, then and there to answer to such matter and things as shall be objected against him on behalf of the State, and shall not depart the said court without leave thereof, then this recognizance to be void." Martel having appeared on the 25th of November, was arraigned, and his trial deferred until the following May term, when, as the jury were deliberating on their verdict, he effected an escape. The jury returned a verdict of guilty. The accused not appearing, and his securities having failed to surrender him, judgment was rendered against them, *in solido*, for the amount of the recognizance. The sheriff, and the deputy sheriff, proved that Martel had never been surrendered to either of them, by his sureties. The former testified that having been informed that the accused intended to effect an escape, he placed himself in the box with him, for the purpose of preventing the accomplishment of his purpose. The deputy sheriff testified, that while holding Martel, with a view to prevent his escape, he received a violent blow on the head, which compelled him to let the prisoner go. The court, *King*, J., gave judgment against the principal sureties, *in solido*, for the amount of the recognizance, from which judgment the latter have appealed.

*Martin*, for the State.

*Linton* and *Voorhies*, for the appellants.

MARTIN, J. The defendants, Chachère and Briant, sureties of Martel, on a recognizance, are appellants from a judgment against them. They had produced the body of their principal, who had been put upon his trial, and while the jury had withdrawn to consider their verdict, forcibly made his escape.

The counsel for the appellants have contended, that by producing the principal at the first call, the condition of their bond was complied with ; that he had been placed in the custody of the sheriff,

and that they were not answerable for his escape from that officer. Nothing on the record shows that the sureties surrendered their principal, or that he was placed in the custody of the sheriff. The condition of the bond is, that the principal shall appear at the court, " *and shall not depart the said court without leave thereof.*" The breach of the recognizance is his departure without leave of the court. It is true the defendants might, at any time, have discharged themselves from their recognizance by the surrender of their principal; but no such surrender appears to have taken place. Notwithstanding the production of the principal, he remained in the custody of the defendants, his bail, until they manifested their design to continue no longer bound for him, by an actual surrender; for the recognizance expressly binds them after his appearance, in case he should *depart the said court without leave thereof.*

It is true that while the jury were out, the sheriff was informed that the accused intended an escape, and that he had armed himself to facilitate it; that the sheriff asked him whether he was armed, and being answered in the affirmative, required him to surrender his arms; that on his refusal, the sheriff called for aid, and that a struggle ensued, during which the escape was effected. If this may be called an escape from the sheriff, it cannot avail the appellants, because, having never surrendered the principal, he was still in their keeping.

The act of the legislature, passed in 1837, (Acts of 1837, p. 99, sec. 2,*) is conclusive against the defendants. It says ex-

---

* This act provides : Sect. 1. That all the sections of the said act [entitled an act supplementary to an act entitled, an act relative to the recovery of the amount of the bonds, obligations, and recognizances due to the State in criminal cases, &c., approved March 13th, 1818,] approved April 2d, 1835, except the seventh and eighth, be repealed ; and that hereafter it shall be the duty of the Attorney General, and the several District Attorneys, in their respective districts, on the second or any other day thereafter, of each regular term of the Criminal Court of New Orleans, or of the District Court, leave of the court first had and obtained, which leave shall always be presumed, to call any or all person or persons who may have entered into any bond, recognizance, or obligation whatsoever, for their appearance or attendance at court, and also to call on the surety or securities to produce *instanter* in open court the person of such defendant or party accused ; and upon failure to comply therewith, on motion of the attorney representing the State, the court shall forthwith enter up

pressly, that the appearance and answer of the party accused, shall not operate as a discharge or release of the security from his responsibility, until after the trial and conviction or acquittal of the accused, unless the surety make a formal surrender of the accused in open court, or in the prison of the parish, and not otherwise. This was not done in the present case.

The defendants rely upon the decision of this court, in the case of *The State* v. *Cotton*, 19 La. 550. An examination of that case shows a very different state of facts. It was clear that Cotton, the accused, did not intend to escape from custody, or to evade a trial. His temporary absence from the court-house was for the purpose of procuring the attendance of his witnesses, and produced by being misinformed as to the day his trial was to take place.

*Judgment affirmed.*

---

judgment against both principal and securities, *in solidum*, for the full amount of the bond, recognizance, or obligation, which judgment at any time during the same term of the court for all the parishes of the State except the parish of Orleans, and for said parish of Orleans at any time within ten judicial days after notice of said judgment to the parties, may be set aside upon the appearance, trial, and acquittal, or upon the appearance, trial, and conviction, and punishment of the defendant or party accused; *provided*, that such judgment shall not be rendered in case it shall be made to appear to the satisfaction of the court, by the evidence of one or more disinterested and creditable witness, that such defendant or party accused is prevented from attending by some physical disability existing at the time.

Sect. 2. That hereafter the appearance and answer of any defendant or party accused, upon call made as provided for in the first section of this act, shall not operate as a discharge or release of any surety from his responsibility, and no such surety shall be discharged or released from his responsibility until the final trial and conviction or acquittal of such defendant, or party accused; *provided, however*, that any surety may be relieved from responsibility, by making a formal surrender of the defendant or party accused to the sheriff or his deputy, in open court, or within the four walls of the prison of the parish, and not otherwise.