The opinion of the court was delivered by
Manning, O. J.
The defendant Trahan was indicted and tried for murder, and the jury failing to agree, he was admitted to bail during-the interval between terms. The other defendants are the sureties on his bail bond.
He had been indicted for another offence, had been convicted, and *716 was in jail awaiting sentence. Just then, one of the sureties to the bail-bond in the murder case went to the sheriff and stated that he wanted to surrender the prisoner to Mm, to which the sheriff replied that “it was •all right and he would cancel the bond.” This was in the court house during the midday recess of the court. The sheriff informed Trahan the prisoner that Ms bail had surrendered him, and on same day wrote on the bond the following; — I hereby certify that Richard Leblanc, one of the bondsmen of Yoorhies Trahan on the reverse hereof, has this day surrendered the said Y. Trahan to me within the four walls of the jail of the parish. June 11,1879. G. B. Shaw, Shff.
Four days afterwards Trahan broke jail and fled. The State’s attorney had the bond forfeited in the usual way, and the sureties pleaded the surrender of their principal and the cancellation of the bond. The lower judge rejected the plea, holding that the surrender-must have been made in open court, or within the four walls of the prison. The last clause of sec. 1033 Rev. Stats, is cited as conclusive of the question. It i-eads; — any surety may be relieved from responsibility by making a formal surrender of the defendant or party accused do the sheriff or Ms deputy, in open court, or within the four walls of the prison of the parish, and not otherwise.
The counsel of the sureties points out another mode of surrender -under see. 3569 Rev. Stats., i. e. “ a surrender to the prison.” It seems not to have occurred to them that this section is a misprint. As it is printed, it is nonsense. There is a line left out, which being supplied, it is an exact reproduction of sec. 1033.
The part of that section quoted above is the concluding sentence of sec. 2 of the Act of 1837, Sess. Acts, p. 99, and the State relies on the construction of it in State v. Martel, 3 Rob. 22. In the present case the •surety could not bring the principal in open court, because he was in jail under a conviction in another case and was held for sentence thereunder. He was thus within the four walls of the prison. Must the ¡surety have got access to the prison, and there in the sheriff’s presence have surrendered the prisoner? The object of the requirement that a •surrender must be made in open court or within the prison, and not otherwise, is to prevent a surety from doing that act in such way or at ¡such, time as will imperil the safe custody of the prisoner, as for instance, by delivering a principal to a sheriff when he has not the means to put him in custody. But if the principal is already in one of the places where the'statute says he must be when surrendered, viz in prison, what ne'ed can there be for his surety to do more than to make ¡a formal surrender of Mm in unmistakable language, and to receive from the sheriff a formal acceptance of such surrender in writing, as was done in this case by cancelling the bond ?
*717 If bail are not entitled to an exoneratur upon such surrender as this, then it would be necessary to hold that they must go through the dumb show of getting the sheriff to lead the prisoner out of his cell only that the bail might instantly lead him back into it, and there deliver him. What we are now holding was foreshadowed in Frith’s case, 14 La. 490 where it was said, the bail might have been exonerated by a formal declaration to the sheriff, while the principal was in actual custody, that they wished to surrender him. In this case, not only was the declaration made and taken cognisance of by the sheriff, but he executed a formal release, and the surrender was complete.
The surrender was made by one only of the sureties, but a release of one enures to the benefit of all. State v. Doyal, 12 Annual, 653. All of them have appealed.
It is ordered and decreed that the judgment of the lower court is avoided and reversed, and that there be now judgment in favour of the defendants — sureties, releasing them from their obligation and for their costs in both courts.