THE STATE OF LOUISIANA v. GEORGE FORNO.

Where the defendent was indicted for *an assault with an attempt to commit a rape*, and after having pleaded to the indictment, was released upon a bond, in which he and his securities bound themselves that he should appear and answer to the charge of *rape*. *Held:* That such a condition under the circumstances of this case vitiated the bond.

APPEAL from the District Court of the Parish of Livingston, *Beale*, J.
   *M. F. Carter*, District Attorney, for State.   *H. Duncan*, for defendants and appellants.

MERRICK, C. J.   The defendant, *Forno*, was indicted for an assault with an attempt to commit a rape.

The District Judge ordered a *capias* to issue for the arrest of the accused.

After the accused had pleaded to the indictment, the court ordered the case to be continued and the prisoner to be enlarged by the Sheriff on his giving bond conditioned according to law in the sum of fifteen hundred dollars. The Sheriff took a bond from the accused subscribed by two sureties, in which there was no reference to the indictment, and the offence is described as that of rape. The

condition of the bond is in these words, viz: " Now the above obligation is such, that whereas the above bound *G. W. Forno*, has been arrested by virtue of an order from the honorable Eighth Judicial District Court, State of Louisiana, on the charge of committing a rape. Now, therefore, if the said *G. W. Forno* shall well and truly appear at the next term of the aforesaid court, to be held in the courthouse in the town of Springfield, parish aforesaid, on the first Monday of May, 1858, and shall continue from time to time, and from day to day in term time, to answer said charge, and shall abide the decision of the court, then this obligation to be null and void, otherwise to stand in full force and virtue."

At the May term 1858, the court was in session on Monday, the third day of May. On Thursday the accused and sureties having been called upon the bond, the case was laid over until the following day to enable the sureties to make their objection to the bond. On Friday, the seventh of May, the proof was administered and judgment rendered upon the bond against the principal and sureties *in solido*.

The same day, the jury having been discharged, the accused presented himself, demanded a trial, and that the judgment should be set aside, and that a jury should be summoned for the following week to try him. The motion being refused, the accused and his sureties appeal.

The first question presented by the appellants is, that the bond is void, because there was no such charge pending against the accused as that for which he was bound to appear and answer.

The objection would not be fatal if the bond contained any reference to the indictment, or if the bench warrant referred to in the bond had been produced, and it had there appeared that the accused had been arrested upon a bench warrant issued upon an indictment for an assault with an attempt to commit a rape. *State* v. *Smith*, 8 An. 471.

The bond would also have been sufficient if it had contained either of the usual conditions, " and not to depart thence without leave of the court first obtained," or " and to answer such matters and things as shall be objected against him on behalf of the State." *State* v. *Cole*, 12 An. 471. *State* v. *Martel*, 3 Rob. 22. 1 Chitty, Criminal Law, 105.

But the bond does not refer to the indictment and there is nothing in the record to which the bond refers, from which it can be inferred that the sureties had any reason to suppose that the accused was admitted to bail for any other offence than that specified.

The crime of rape, and an assault with intent to commit rape are essentially different, one is punishable with death, and the other by imprisonment at hard labor not to exceed two years.

The bond therefore, according to its terms, has not been forfeited. The accused has not been called upon to answer, nor the sureties to produce his body to answer a charge of rape. The offence upon which he was called to answer was one for which the sureties had not bound themselves. *State* v. *Wooten*, 4 An. 515.

It is with reluctance that we allow objections of this kind to prevail, but under authorities the present appears to be well taken.

It is, therefore, ordered, adjudged and decreed, by the court, that the judgment of the lower court be avoided and reversed, and that there be judgment in favor of the defendants, as in case of non-suit.