# Hawk *et al.* v. The State.

*Scire Facias against Bail on Forfeited Bond.*

1. *Absconding or escape of principal during trial.*—An undertaking of bail, in the form prescribed by the statute (Code of 1886, § 4427), binds the sureties for the continued appearance of their principal, from day to day, "until discharged by law;" and if he absconds or escapes during the trial, the undertaking is forfeited.

APPEAL from Jackson Circuit Court.

Tried before Hon. L. F. Box.

For non-appearance of appellant Hawk, under indictment for murder, judgment *nisi* was rendered against him and the sureties on his bail bond and *scire facias* issued. The question raised by the demurrers to defendant's pleas, and the judgment of the court is that discussed in the opinion. By agreement of parties the issue was submitted to the court for judgment without a jury.

D. D. Shelby and L. W. Day, for appellants.

Thos. N. McClellan, Attorney-General, *contra*.

SOMERVILLE, J.—The bail bond in terms imposed on the principal, Arthur Hawk, who was under indictment for murder, the obligation to appear at the August term, 1887, of the Jackson Circuit Court "and from day to day and term to term thereafter, *until discharged by law*, to answer to the offense of murder." This is in substantial compliance with the requirements of section 4427 of the present Code (Code of 1876, § 4852), which provides that "the undertaking of bail binds the parties thereto, jointly and severally, for the appearance of the defendant on the first day of the court, from day to day of such term, and from day to day of each term thereafter, *until he is discharged by law.*"

The question raised for decision by this record is, whether the undertaking of bail, which is here in writing, is forfeited by the absconding of the defendant during the progress of the trial, and after his appearance to answer an indictment for felony. Or, to state the question differently, whether the defendant, upon the commencement of the trial, is at once placed, by operation of law, in the custody of the sheriff, without any order of court to that effect, or whether he is to be considered as in the continued custody of his sureties until the coming in of the verdict of the jury.

The plain language of the statute would seem to leave no doubt on this point. It declares that the undertaking of bail binds them for the appearance of the defendant "until he is *discharged by law.*" This discharge can take place after the trial is begun, in the absence of a surrender by the sureties, only by an order of discharge based on a *nolle prosequi* of the indictment, a verdict of acquittal, or a verdict of conviction, followed by the sheriff's taking custody of the defendant by the implied or express order of the court, which includes any necessary custody taken to prevent his escape. The obligation, therefore, ordinarily binds the sureties for the continued appearance of the defendant, during every stage of the trial, from the time it is entered on at least until the rendition of the verdict of the jury. It was long ago held in this State, that the flight of a defendant, during the trial and before the coming in of the verdict, amounted to a mistrial.—*State v. Battle*, 7 Ala. 259.

The theory of the law is that when bail is given, the

[South & North Ala. R. R. Co. v. Bradley.]

principal is at once placed in the custody of his sureties, such custody being really a continuance of his imprisonment. The sureties are accordingly empowered at any time to arrest their principal as his jailors, whenever they see fit, for the purpose of delivering him into the custody of the sheriff, or other lawful officer.—*Cain v. State*, 55 Ala. 170; Whart. Cr. Pl. & Pr. (8th Ed.) § 62; Code, 1886, § 4429. These powers are fully adequate for the protection of the sureties, and it is no hardship on them to construe the effect of their undertaking to be commensurate with every stage of the trial.

The practice of the courts in this State is uniformly in accordance with this view of the statute, so far as we are aware, and has been from time immemorial. This fact alone is conclusive of the matter.

The case of *Hodges v. State*, 8 Ala. 55, cited by appellant's counsel, has no bearing on this case. It did not involve any question touching the liability of bail.

The Circuit Court did not err, either in sustaining the demurrers to the defendants' pleas, or in the judgment rendered.

Affirmed.