# *Ex parte* Williams.

## *Petition for Habeas Corpus.*

1. *Bail bond*; *right of defendant to be released; habeas corpus.* Where one charged with a criminal offense was, prior to the trial, re- leased upon his giving a bail bond, he has not the right, after convic- tion and sentence and upon reversal of such judgment on appeal, to be released from custody by virtue of the bail bond executed by him prior to his conviction and sentence; and a petition for *habeas corpus* to obtain such release is properly refused.

The facts of this case, which were shown on the re- newal by the petitioner in this court of his petition for discharge on *habeas corpus*, are sufficiently stated in the opinion.

SAMUEL B. BROWNE and CHARLES L. BROMBERG, JR., for petitioner.—The bail bond given by the petitioner

was for his appearance in the circuit court, until discharged by law; and under the facts of this case the petitioner can not be said to have been discharged by law.—Code of 1886, §§ 4420, 4427; *Hawk v. State*, 84 Ala. 466; *Matthew v. State*, 92 Ala. 89.

WILLIAM C. FITTS, Attorney-General, for the State.

COLEMAN, J.—The petitioner was indicted by a grand jury of Washington county for murder in the first degree. Upon *habeas corpus* proceedings had before the probate judge of Washington county, he was released from custody, upon his giving bail bond in the sum of five hundred dollars, conditioned as required by the statute. At a regular term of the circuit court, subsequent to the execution of bail, he was tried and convicted, as charged, of murder in the first degree, and sentenced to imprisonment in the penitentiary for life. Upon appeal to this court, the judgment of the trial court was reversed and annulled, and the cause remanded for further trial.

Upon the reversal of the cause, the petitioner instituted the present *habeas corpus* proceedings before the judge of the circuit court, and claimed the right to be released from custody, by virtue of the bail bond executed by him prior to his conviction and sentence. The judge denied the petition, and remanded him to the custody of the sheriff. This is the sole question. There can be no doubt, that the circuit judge ruled correctly The principle of the law is, that when bail is given and accepted, the custody of the prisoner is transferred from the officer of the law, to that of his sureties. "The essence of all undertaking of bail is the appearance of defendant at court" for trial, and the sureties become charged with this duty, "until he is discharged by law." By statute, bail may at any time before or during the trial, exonerate themselves by surrendering the defendant.—Code of 1886, § 4429. Whenever a party is convicted and sentenced, he is no longer in the custody of his bail, but is in the custody of the proper officer of the law, and the bail are thereby discharged by the operation of law without a formal order to that effect. The condition of the bond then will have been fully complied with. The mere appearance of the defendant

at court for trial, or his presence during trial, or a mistrial, will not operate to discharge the bail. The obligation of a proper bail bond binds the sureties, at least, until after the verdict of the jury; but when the sentence of the law is pronounced, the officer of the law is charged with its due execution. The bail have no further control over the custody of their principal, and can not be longer held responsible.—*Hawk v. The State*, 84 Ala. 466; *Cain v. The State*, 55 Ala. 170; *Ex parte Robinson*, 108 Ala. 161. The petitioner may be entitled to bail as matter of right upon a proper petition and evidence, as provided in sections 4415 and 4417 of the Code of 1886; but the fact that he was admitted to bail before trial and conviction and sentence can not be considered in determining the right to bail, after conviction and sentence. The bail bond became *functus*, by the trial and sentence.

Petition denied.