# Miller, *et al. v.* The State.

*Proceedings by Scire Facias Against Bail on Appearance Bond.*

(Decided Jan. 14, 1909. Rehearing denied Feb. 5, 1909.
48 South. 360.)

1. *Bail; Discharge.*—Where a defendant is taken into custody by the proper officer, he is no longer in the custody of his bail, who are thereby discharged.

2. *Same; Judgment of Convictions; Vacation.*—Where the judgment of conviction is set aside and a new trial ordered after the defendant had been taken in custody by the proper officer, an order made by the court at the time discharging the defendant on his former bail, of which order the bail knew nothing, and did not assist to procure, was not binding on the bail so as to hold them liable for a failure of the defendant to appear at a subsequent trial.

APPEAL from Walker Circuit Court.

Heard before Hon. J. J. RAY.

[Miller, et al. v. The State.]

Proceedings by the state by scire facias against Miller and others as bail on an alleged forfeited bail bond. Judgment for the state and defendants appeal. Reversed and rendered.

J. D. ACUFF, for appellants. Under the facts in this case which are undisputed the bondsmen were not responsible for the appearance of the defendant at a subsequent trial.—*Hawk v. The State,* 84 Ala. 466; *Cook, et al. v. The State,* 91 Ala. 53; *Williams v. The State,* 114 Ala. 29.

ALEXANDER M. GARBER, Attorney-General, for the State. The facts of the case do not bring it within the influence of *Williams v. The State,* 114 Ala. 29. The statute does not require strictness in and about the preparation of bonds.—Sec. 4370, Code 1896; *Holcomb v. The State,* 99 Ala. 185. The judgment was properly amended.—*Davis v. The State,* 136 Ala. 136. See also in connection with the above secs. 4379-80, Code 1896.

DENSON, J.—This is a proceeding by scire facias against bail on a forfeited recognizance. The defendants, in answer to the scire facias, showed that their principal, at the term of the court previous to the one at which the judgment nisi was entered, was tried and convicted of the offense against which, for his enlargement, the bond was given. The principal was present in court when the verdict of guilty was returned and the judgment of conviction thereupon was entered, and at that time he was taken into custody by the sheriff and placed in jail under said conviction. At a subsequent day during that term, and while he was so in custody, the court, on the defendant's motion, set aside the verdict and judgment of guilt, and granted defendant a new trial, at the same time ordering that defendant be held

under his former bond (the one here in question) until discharged by due process of law. The sureties on the bond knew nothing of the order of the court, and took no part in procuring it. The court held that these facts presented no sufficient reason for setting aside the judgment nisi, and made it absolute. The sureties appeal, and assign this ruling as one of the grounds of error.

In *Ex parte Williams,* 114 Ala. 29, 22 South. 446, it was held that upon the reversal of a judgment of conviction the defendant, who at the time of his conviction and sentence was out on bond, was not entitled to release from custody by virtue of that bond; and a petition for habeas corpus to be released on the bond was refused. In the course of the opinion in that case the court said: "Whenever a party is convicted and sentenced, he is no longer in the custody of his bail, but is in the custody of the proper officer of the law, and the bail are thereby discharged by the operation of law without a formal order to that effect." Upon the word "sentenced," or upon the fact that the court pronounced sentence on the defendant, it is sought by the Attorney General to differentiate that case from the one in judgment. The court, further on in that opinion, said. "The mere appearance of the defendant at court for trial, or his presence during trial, will not operate to discharge the bail. The obligation of a proper bail bond binds the sureties, at least, until after the verdict of the jury; but, when the sentence of the law is pronounced, the officer of the law is charged with its due execution. The bail have no further control over the custody of their principal, and cannot be longer held responsible." It was also said: "The bail bond became functus by the trial and sentence."

*Hawk's Case,* 84 Ala. 466, 4 South. 690, was one where the defendant in a criminal case, on bond, absconded during the progress of the trial and before the jury re-

[Miller, et al. v. The State.]

turned a verdict. It was there said that the statute "declares that the undertaking of bail binds them for the appearance of the defendant until he is discharged by law. The discharge can take place after the trial is begun, in the absence of a surrender by the sureties, only by an order of discharge based on a nolle prosequi of the indictment, a verdict of acquittal, or a verdict of conviction, followed by the sheriff's taking custody of the defendant by the implied or express order of the court, which includes any necessary custody taken to prevent his escape. The obligation, therefore, ordinarily binds the sureties for the continued appearance of the defendant during every stage of the trial, from the time it is entered on at least until the rendition of the verdict of the jury."—*Hawk's Case,* 84 Ala. 466, 4 South. 690. In *Cook's Case,* 91 Ala. 53, 8 South. 686, the defendant appeared and continued his presence in court until the jury retired to consider their verdict in his case, whereupon he absconded; and it was sought by his bail to avoid a judgment absolute. The court said of the pleas setting up these facts: "The pleas were fatally defective. Disclosing that the trial had been entered upon, they should have disclosed, further, that the defendant had remained in attendance to respond to the judgment that should result therefrom, or that the sureties were discharged by reason of the defendant's being taken in custody." By these authorities it seems to be established, beyond cavil, that when the principal is taken into custody by the proper officer he is no longer in the custody of the bail, and the bail are discharged.

In this case the principal was convicted of a felony. He was present at the rendition of the verdict and judgment of the court on the verdict; and, this being true, it was the duty of the sheriff to take him into custody. While there was no express order of the court that he

should do so, there is, under such circumstances, always an implied order that the sheriff shall take custody of the defendant; and the defendant was as legally in the custody of the sheriff as if the bail had delivered him, under the statute (Code 1907, § 6351), into such custody. It is the surrendering of the defendant into the custody of the sheriff that exonerates bail under the statute, and if, under a judgment of conviction of the offense charged, the sheriff rightfully secures custody of the defendant, it must follow that the defendant is as rightfully withdrawn from the custody of his bail, so far as that offense is concerned, as if they had surrendered him.—*Ex parte Chandler,* 114 Ala. 8, 22 South. 285. From these considerations it is manifestly true that, if the defendant, after his conviction and before the granting of the new trial, had escaped from the jail or the custody of the sheriff, no liability would have attached to the sureties on the bond.

The defendant having been legally withdrawn from the custody of his bail, the question then is: Did the granting of a new trial and the making of the order by the court that he be held under the bond revive the sureties' liability? We can see no difference in principle between the status of sureties on a bail bond after the judgment of conviction against their principal has been reversed, and that after the judgment has been annulled on motion for new trial. The judgment in either case is set aside and held for naught.—*State v. Glenn,* 40 Ark. 332; *State v. Murphy,* 10 Gill & J. (Md.) 365. It was the taking of the prisoner from the custody of the bail, and transferring him to that of the sheriff, that released the sureties (*State v. Murmann,* 124 Mo. 502, 28 S. W. 2) ; and, being released, the court could not, without their consent, revive their liability by simply order-

[Curtis, et al. v. Hunt.]

ing that "the defendant be held under his present bond." That would be the making of a contract, for the sureties and without their consent, by the court.

There is, under the facts of this case, no liability against the sureties on the bond, and the circuit court erred in not so holding. The judgment of the circuit court is reversed, and judgment will be here rendered for the defendants.

Reversed and rendered.

HARALSON, SIMPSON, and ANDERSON, JJ., concur.