SUGGS *v.* STATE.

(*Jackson.*   April Term, 1914.)

BAIL.   Liability of Surety.

Sureties upon a bail bond conditioned that accused should not depart without leave of court are not liable where, after conviction and sentence which provided for incarceration in the county jail pending the coming of proper authorities to carry accused to the penitentiary, and sheriff improperly allowed accused to go without custody for a few days, and he escaped, for, the sureties having delivered accused into the custody of the court, there was no further liability on the recognizance.

Cases cited and approved: State v. Whitson, 8 Blackf. (Ind.), 178; State v. Stewart, 74 Iowa, 336; Dennard v. State, 2 Ga., 137; Neininger v. State, 50 Ohio St., 394; Hawk v. State, 84 Ala., 466; Roberts v. Gordon, 86 Ga., 386; State v. Wilson, 14 La. Ann., 450; State v. Cobb, 44 Mo. App., 375; Fortenberry v. State, 47 Tex. Cr. R., 84; Phillips v. State, 100 Ark., 515; Miller v. State, 158 Ala., 73; Com. v. Skaggs, 152 Ky., 268; State v. Murman, 124 Mo., 502; State v. Charles, 207 Mo., 40.

Cases cited and distinguished: *Ex parte* Williams, 114 Ala., 29; Miller v. State, 158 Ala., 73.

---

FROM CROCKETT

---

Appeal from Circuit Court, Crockett County.—T. E. HARWOOD, Judge.

W. M. McCALL, and W. H. BIGGS, for Suggs.

W. H. SWIGGART, JR., assistant attorney-general, for the State.

Mr. Justice Williams delivered the opinion of the Court.

The single legal question to be herein treated of arises out of the facts following:

Suggs was charged with a felony, and Duffy and another were sureties on his recognizance for his appearance before the trial court on a day fixed to answer the State of Tennessee upon a charge of burglary, "defendant not to depart the court without leave." Suggs appeared and stood his trial, which resulted in a verdict of guilty, after entry of which sentence was pronounced by the court:

"It is considered that for the offense aforesaid the defendant be confined in the state penitentiary for one year, and that he be remanded to the county jail to await the proper authorities to take him to said penitentiary."

Due to a misunderstanding not induced by the sureties, the sheriff permitted Suggs to go without custody for several subsequent days of the term, after which defendant departed the jurisdiction. Following judgment *nisi* on the recognizance against the sureties, *scire facias* issued for the sureties to show cause why the same should not be made final.

The sureties defended on the ground, among others, that by the sentence and order for incarceration the convicted defendant had been taken out of their custody. Cast upon all defenses, one of the sureties has appealed to this court and renewed the defenses.

Hawkins, in his Pleas of the Crown, in stating the law as to the power and duty of the sureties, says:

"It must be confessed that, if a man's bail, who are his jailers of his own choosing, do as effectually secure his appearance and put him as much under the power of the court as if he had been in the custody of the proper officer, they seem to have answered the end of the law and to have done all that can be reasonably required of them."

This early statement of the rule by the eminent author may well be said to concisely summarize the best holdings in cases coming into adjudication since his day.

A line of demarcation in the decisions, exceptional cases disregarded, differentiates the sureties' liability following conviction or verdict from their nonliability following the pronouncement of sentence upon the principal.

Thus, where a bail bond stipulates that the principal is not to depart without leave of the court, the sureties are not exonerated by the mere conviction of the principal. *State* v. *Whitson,* 8 Blackf. (Ind.), 178; *State* v. *Stewart,* 74 Iowa, 336, 37 N. W., 400; *Dennard* v. *State,* 2 Ga., 137; *Neininger* v. *State,* 50 Ohio St., 394, 34 N. E., 633, 40 Am. St. Rep., 674; *Hawk* v. *State,* 84 Ala., 466, 4 South., 690. But when a conviction is followed by a pronouncement of sentence, such pronouncement, it has been held, has the legal effect of a direction to the sheriff to hold the convicted defendant in custody, and operates to exonerate the

sureties.  *Roberts* v. *Gordon,* 86 Ga., 386, 12 S. E.,
648; *State* v. *Wilson,* 14 La. Ann., 450; *State* v. *Cobb,*
44 Mo. App., 375; *Fortenberry* v. *State,* 47 Tex.  Cr. R.,
84, 79 S. W., 538; *Phillips* v. *State,* 100 Ark., 515, 140 S.
W., 734.

In many of the cases an actual taking of the de-
fendant into custody by the sheriff following sentence
appears.  *Miller* v. *State,* 158 Ala., 73, 48 South., 360,
20 L. R. A. (N. S.), 861; *Com.* v. *Skaggs,* 152 Ky., 268,
153 S. W., 422, 44 L. R. A. (N. S.), 1064, and cases
cited in notes.

For the State it is insisted that, in order to a release
of the sureties following sentence, it must be made to
appear that the officer did in fact take control or cus-
tody of the principal in the bond.

In *Ex parte Williams,* 114 Ala., 29, 22 South., 446,
it was said:

"Whenever a party is convicted and sentenced, he
is no longer in the custody of his bail, but is in the
custody of the proper officer of the law, and the bail
are thereby discharged by operation of law without a
formal order to that effect.  The condition of the bond
then will have been fully complied with. . . .  The
obligation of a proper bail bond binds the sureties, at
least, until after the verdict of the jury; but, when the
sentence of the law is pronounced, the officer of the
law is charged with its due execution.  The bail have
no further control over the custody of their principal,
and can no longer be held responsible. . . .  The
bail bond became *functus* by the trial and sentence."

See, also, *State* v. *Murmann*, 124 Mo., 502, 28 S. W., 2, as construed in *State* v. *Charles,* 207 Mo., 40, 105 S. W., 609, 13 Ann. Cas., 565.

In the case at bar we find not only a sentence but a remand of the defendant and principal to the county jail to await the coming of the proper authorities to take him to the penitentiary. May the failure of the sheriff to give heed to this plain pronouncement following sentence, in not taking custody of the defendant, avail to hold the sureties liable to the State?

In the case of *Miller* v. *State,* supra, it appeared that there was no such express order of the court as to custody as appears in this case; but the court said:

"While there was no express order of the court that he [the sheriff] should do so, there is, under such circumstances, always an implied order that the sheriff shall take custody of the defendant, and the defendant was as effectually in the custody of the sheriff as if the bail had delivered him . . .. into such custody. It is the surrendering of the defendant into custody of the sheriff that exonerates the bail under the statute, and if, under a judgment of the conviction of the offense charged, the sheriff rightfully secures custody of the defendant, it must follow that the defendant is as rightfully withdrawn from the custody of his bail, so far as that offense is concerned, as if they had surrendered him."

We are of opinion that, for a stronger reason, the judgment entered, with its stipulation for remand to jail, operated to place the defendant within the con-

trol and custody of the court and sheriff. After its entry it can scarcely be contended that he was in the custody of the sureties. The defendant was "as much under the power of the court as if he had been in the custody of the proper officer," and, as Hawkins says, this answers the end of the law. If there was dereliction following the sentence and remand to jail, it was not the dereliction of the sureties.

Other questions have been debated; but all are to be solved by the above adjudication upon the basic contention.

Reversed.