## TUGGLE v. STATE. (6 Div. 641.)

(Court of Appeals of Alabama. Feb. 17, 1925.)

**1. Criminal law ⬅️1180—On appeal from judgment on remand for proper sentence, questions that should have been raised on first appeal will not be considered.**

Where judgment was reversed and remanded only that the proper sentence might be imposed, the appellate court, on a subsequent appeal, will not consider questions that should have been presented on the first appeal.

**2. Criminal law ⬅️995(5)—Sentence held not invalid for irregularity as to terms of labor, fine, and costs.**

Sentence on remand for violation of the Prohibition Law, *held* not invalid for its irregularity in imposing additional terms of labor before imposing the condition of payment of fines and costs.

**3. Bail ⬅️71—Defendant's appeal bond binds him to appear in court below from term to term until discharged, on reversal of judgment and remand for any purpose.**

Under Code 1923, § 3246, defendant's appeal bond, on reversal of judgment and remand for any purpose, binds him to appear in court appealed from, from term to term, until discharged by law, as in bail before conviction.

Appeal from Circuit Court, Walker County; R. L. Blanton, Judge.

Lawrence Tuggle was convicted of a violation of the Prohibition Law, and from the sentence he appeals. Affirmed. See, also, 19 Ala. App. 539, 98 So. 700.

The sentence of the court is as follows:

"The defendant, appearing in open court and being asked by the court if he has anything to say why the sentence of the law should not now be pronounced upon him, says nothing. It is the order and judgment of the court and sentence of the law that defendant be and he is sentenced to six months at hard labor for the county of Walker, and default of payment and security or fine and costs in the case having been made, he is sentenced to an additional 20 days to pay the fine in the case, and to an additional 134 days additional to pay the costs in the case, amounting to $101.05, at the rate of 75 cents per day."

Curtis, Pennington & Pou, of Jasper, for appellant.

Counsel argue for error in the sentence, and cite Code 1923, § 4622.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. [1] The judgment of conviction in this cause has already been in all things affirmed, except as to the sentence, which this court held to be erroneous. Tuggle v. State, 19 Ala. App. 539, 98 So. 700. We will not now go behind the judgment of affirmance entered at that time as to any question which should there have been presented.

[2] The judgment as now appears is irregular in that the additional term of hard labor appears before the sentence for the fine and costs, but this is a mere irregularity. The sentence is now definite, and is, in its entirety, the judgment of the court.

[3] Under section 3246 of the Code of 1923, upon a reversal of the judgment and a remandment of the cause for any purpose, the defendant's appeal bond binds him to appear in the court from whence the appeal was taken from term to term until discharged by law, as in bail before conviction. We do not hold that an hiatus, amounting to a discontinuance, could not arise, but we do hold that it has not arisen in this case.

Let the judgment in all things stand affirmed.

Affirmed.