## DETROIT FIDELITY & SURETY CO. v. UNITED STATES.

Circuit Court of Appeals, Sixth Circuit. January 10, 1930.

No. 5462.

John L. Dowling, of Cleveland, Ohio (Dowling & Dowling, of Cleveland, Ohio, on the brief), for appellant.

Thos. O. Nevison, of Cleveland, Ohio (Wilfred J. Mahon, of Cleveland, Ohio, on the brief), for the United States.

Before DENISON and KNAPPEN, Circuit Judges, and TAYLOR, District Judge.

TAYLOR, District Judge. Appellant became surety on a bail bond or recognizance, which provides, so far as material now, that the defendant "shall" appear "from term to term * * * to answer an indictment * * * and shall then and there abide the judgment of this court and not depart the court without leave thereof. * * * ". Judgment was entered against the surety, from which it has appealed.

The defendant appeared on November 15, 1927, and pleaded guilty, whereupon he was sentenced "to be imprisoned * * * fourteen months from January 3, 1928, * * * former bond to remain in full force and effect until defendant surrenders himself to the United States marshal for conveyance to said place of imprisonment; defendant given permission to leave the jurisdiction of the court." This appears upon the court's journal. The clerk's docket entry, in slightly different words, says execution of sentence "suspended until January 3, 1928." Within a day thereafter a warrant, which embraced in substance the journal and docket entries, and directed the marshal to "keep and safely deliver" the defendant to the warden, was prepared by the clerk. According to indorsement on the warrant, it reached the marshal November 17, 1927, but was not executed, because the defendant was never apprehended.

Since it is conceded that the bond is in form authorized by the Ohio statutes, where it was executed, the questions presented may be decided without reference to any statute. The appellant relies upon the defenses (a) that the principal fully complied with the conditions of the recognizance; and that (b) a suspension of execution of sentence and consent by the court without consent of the surety that defendant might leave the jurisdiction was such extension or alteration of the terms of the recognizance as released the surety from liability.

The first defense raises the question whether there was compliance with the conditions of the bond. The bond is conditioned that the principal "abide the order and judgment" of the court, and "not depart the court without leave." The judgment of the court in effect was that the defendant surrender himself to the United States marshal on January 3d, to be transported to the place of imprisonment.

The phrase "abide by" means to adhere to; to submit to; to obey; to accept the consequences of. Order of United Commercial Travelers v. Smith (C. C. A. 7) 192 F. 102; Webster's New International Dictionary. The verb "abide" may also have the same meaning, if, from the connection in which used, it clearly signifies more than passive waiting. The phrase "abide the order and judgment of the court," in the bond, is followed by the phrase "and not depart the court without leave thereof," thus, we think, making it clear that the verb "abide" was used in the broader sense, and as an addition to the phrase which forbade unauthorized departure, though such addition might not have been necessary, to justify the conclusion we reach.

The cases relied upon by appellant in support of this defense have released the sureties on bonds similar to the one here involved upon the idea that, after sentence and without express order, there is an implied change of custody from the bail to the law, and that with such implied legal change of custody there is no further liability on the part of the surety or bail. Ewing v. U. S. (C. C. A. 6) 240 F. 241, Suggs v. State, 129 Tenn. 500, 167 S. W. 123, Ex parte Williams, 114 Ala. 29, 22 So. 446, and Miller v. State of Alabama, 158 Ala. 73, 48 So. 360, 20 L. R. A. (N. S.) 861, are typical. In the instant case no such implication arises, since the judgment expressly negatives the idea that the defendant was to be taken from the custody of his bail and placed in the custody of the officer. The journal, the clerk's docket entry, and the marshal's warrant clearly show a contrary intention. In this we see no change of custody by implication.

In support of the second ground of defense, appellant relies upon the cases of Taylor v. Taintor, 83 U. S. (16 Wall.) 336, 21 L. Ed. 287, Reese v. U. S., 76 U. S. (9 Wall.) 13, 19 L. Ed. 541, and Prairie State Bank v. U. S., 164 U. S. 227, 17 S. Ct. 142, 41 L. Ed. 412. In the former, the proposition urged

is that where the performance of a condition is rendered impossible by either an act of the obligee or of the law, the surety is no longer liable. We see no application of this principle to the facts of the present case. The judgment of the District Court did not render performance of any condition of the bond impossible. Nothing in the judgment, either expressly or by implication, changed the right of the surety to arrest and deliver its principal as authorized by law. Permission to leave the jurisdiction of the court did not affect that right, as the surety could "pursue him into another state" and arrest him without warrant. Taylor v. Taintor, supra; Ex parte Salinger (C. C. A. 2) 288 F. 752, 755. No provision of the bond prevented it. A rule of the District Court where the bond was executed provides for departure from the jurisdiction by leave of the court.

In the Reese Case, bond was conditioned that the defendant appear from term to term. The court construed the provision "from term to term" to mean such subsequent term as might follow in regular succession in the course of business of the court. By stipulation, not assented to by the surety, the case was postponed until the termination of a civil suit in which the principal was interested. The court held the provisions of the stipulation inconsistent with the condition of the bond, since it relieved the principal from the obligation of appearing at any subsequent term as in the bond provided; that it substituted for the required appearance from term to term an agreement that he need not appear, except at such term as might be held after the happening of an uncertain event. In the Reese Case, the bond contained no provision that the principal should appear at such time as might be fixed by stipulation entered into by the principal and the obligee. In the instant case, the bond provides that the principal shall "abide the judgment of this court, and not depart the court without leave thereof." The judgment of the court definitely fixed the time when execution of sentence should commence, and left nothing contingent upon the happening of an uncertain event. The Prairie Bank Case is the same in principle.

In the facts of this case, we find no alteration of the conditions of the bond or extension inconsistent with its terms. The right of the court to suspend execution of sentence during the term seems to be assumed, as only the propositions discussed here are brought forward in the briefs. It is not necessary, therefore, to decide that question. We have considered the other cases relied upon, but do not discuss them, as the ones referred to herein are typical.

The judgment of the District Court is affirmed.