16 So.2d 310
#### REED et al. v. STATE.
#### 6 Div. 200.

Supreme Court of Alabama.

Jan. 13, 1944.

William Conway, of Birmingham, for appellants.

Wm. N. McQueen, Acting Atty. Gen., and Furman Smith, Asst. Atty. Gen., for the State.

### BROWN, Justice.

This appeal is from the final judgment against the appellants as sureties on the bail of Tommie Moore indicted at the March Term of Jefferson County Circuit Court, Bessemer Division, for rape, a capital felony. He was allowed bail by the Honorable Gardner Goodwyn, Judge of said court, and the amount thereof fixed at $1500 and endorsed on the indictment. The bail, the subject matter of this proceeding, was given by Moore and appellants in this case as sureties, the bond being approved by the sheriff or his deputy on the 6th of February, 1942. The condition of the bond was that Moore would appear "at the present term at nine o'clock A. M. of the Circuit Court, Bessemer Division, Jefferson County, Alabama, and from term to term thereafter until discharged by law, to answer a criminal prosecution for the offense of rape."

The case was set for trial on April 13, 1942, at which time Moore appeared and at the trial was convicted and his punishment fixed at twenty years in the penitentiary. From the judgment of conviction entered on the verdict of the jury he appealed to the Court of Appeals and on the 30th day of June, 1942, the judgment of conviction was reversed and annulled by the Court of Appeals and the cause remanded to the circuit court for another trial. Moore v. State, 30 Ala.App. 552, 9 So.2d 146.

The bill of exceptions states, to quote from the agreed statement of facts: "Upon reversal of said cause by the Court of Appeals of Alabama, said defendant was then and there, after certificate of said reversal was received by the Clerk of the Circuit Court, released from custody and confinement in said County jail at Bessemer, Alabama, said sureties on the original bail bond not being sureties to any new bail bond or again executing any bail bond or instrument of any kind in behalf of the defendant Tommie Moore for his appearance to again answer to said charge against him in said court."

The case was thereafter set for trial on the 21st day of September, 1942, the defendant failing to appear, judgment nisi was entered against him, and the sureties on his bail on motion of the solicitor. Scire facias was issued and service had on the appellants as sureties, the sheriff return showing that the defendant was not found. The sureties appeared and resisted the final judgment on numerous grounds. On October 1, 1942, motion was made to set aside the forfeiture, which was denied, and exception reserved to this ruling. The judgment was made final on the 22d day of June 1943. Thereafter the appellants made a motion to set aside the final judgment on numerous grounds and this motion was overruled on October 2, 1943, and exception reserved.

When the defendant Tommie Moore appeared, on April 13, 1942, submitted to a trial of his case, was convicted and sentenced to the penitentiary, and on that conviction was taken into custody and confined in the county jail pending appeal, the obligation of his sureties upon his bail was at an end. His subsequent discharge without new bail was without authority of law. Miller et al. v. State, 158 Ala. 73, 48 So. 360, 20 L.R.A.,N.S., 861; Ex parte Williams, 114 Ala. 29, 22 So. 456; Hawk. v. State, 84 Ala. 466, 4 So. 690.

The state, to sustain the judgment nisi, cites and relies upon Section 377, Code 1940, Tit. 15, which provides: "When the judgment of conviction is reversed and the cause remanded, *such undertaking* binds the defendant to appear from time to time until discharged by law and answer the charge, as in bail before conviction; but the defendant is not bound to appear before the trial court pending his appeal." [Italics supplied.] This statute clearly refers to appeal bond given as authorized by

§ 376, Code 1940, Tit. 15. This was pointed out by the Court of Appeals in Tuggle v. State, 20 Ala.App. 497, 103 So. 98, where it was observed: "Under section 3246 of the Code of 1923 [Code 1940, Tit. 15, § 377], upon a reversal of the judgment and a remandment of the cause for any purpose, the defendant's *appeal bond* binds him to appear in the court from whence the appeal was taken from term to term until discharged by law, as in bail before conviction. * * *." [Italics supplied.]

The dictum in Hand v. State, 26 Ala. App. 317, 324, 159 So. 275, applying Section 3246 of the Code of 1923 to appearance bonds given before conviction, is unsound and will not be followed.

■ The court erred in rendering final judgment against the appellants as sureties on the appearance bond and the judgment will be reversed and one will be here rendered dismissing the proceedings.

Reversed and rendered.

GARDNER, C. J., and THOMAS and LIVINGSTON, JJ., concur.