This is an appeal from an order of final forfeiture on an appearance bond.
On November 11, 1982 appellant became surety on a consolidated bond (District Court, Grand Jury and Circuit Court) with Timothy Hairston as the principal. Hairston was indicted and on March 23, 1983 he pleaded guilty to forgery in the third degree. Hairston's case was continued to April 8, 1983 for a presentence report, sentencing, probation application, and restitution motion. He was released on the same bond but failed to appear at said time and place, and a final forfeiture was entered on June 7, 1983. Appellant filed a motion to set aside the bond forfeiture, which was overruled on October 14, 1983.
Appellant contends that the trial court committed error by not granting its motion to dismiss the forfeiture and citesHawk v. State, 84 Ala. 466, 4 So. 690 (1888), and Reed v.State, 245 Ala. 173, 16 So.2d 310 (1944), in support of its contention that after Hairston's appearance in court and plea of guilty the obligation as surety on the bail bond ended.
The principle of the law is that when bail is given and accepted the custody of the prisoner is transferred from the officer of the law to that of his sureties. The essence of all undertaking of bail is the appearance of defendant at court for trial until he is discharged by law. By statute, section15-13-62, Code 1975, bail may, at any time before or during the trial, exonerate themselves by surrendering the defendant. Whenever a party is convicted and sentenced, he is no longer in the custody of his bail, but is in the custody of the proper officer of the law, and the bail are thereby discharged by the operation of the law without a formal order to that effect. The mere appearance of the defendant at court for trial, or his presence during trial or a mistrial, will not operate to discharge the bail. The obligation of a proper bail bond binds the sureties, at least until after the verdict of the jury; but, when the sentence of the law is pronounced, the officer of the law is charged with its due execution. The bail have no further control over the custody of their principal, and cannot be longer held responsible. Miller v. State, 158 Ala. 73,48 So. 360 (1909); Hawk v. State, supra; Ex parte Williams,114 Ala. 29, 22 So. 446 (1897); § 15-13-60, Code 1975.
It was further stated in Beddow v. State, 259 Ala. 651,68 So.2d 503 (1953), that bail is exacted for the sole purpose of securing the attendance of the defendant in court at all times when his presence may be lawfully required and his surrender in execution of any legal judgment that may be pronounced against him.
Hairston having failed to appear in court for sentencing, probation hearing, and restitution hearing as ordered, the trial court correctly forfeited his bond.
The judgment of the circuit court is affirmed.
The foregoing opinion was prepared by Retired Circuit Judge ROBERT M. PARKER while serving on active duty status as a judge of this court under the provisions of section 12-18-10 (e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur. *Page 131