EDWARD N. SCRUGGS, Retired Circuit Judge.
This appeal concerns the validity of the final forfeiture of an appearance bond in a felony prosecution.
On April 1, 1983, the defendant Castle-berry was indicted for a felony offense. Her bond was set at $1,500. The bond was made on April 5, 1983, with the appellant bail bond corporation (the company) being her surety. The pertinent provisions of the bond were that the State of Alabama would be paid $1,500, unless Castleberry appeared to answer the particular indictment against her at the April 11, 1983 term of the circuit court, “and from day to day thereof and from Term to Term thereafter until discharged by law.” The defendant filed a written waiver of formal arraignment. On August 16, 1983, she pleaded guilty to, and was adjudged guilty of, the felony. The case against her was continued for sentencing to September 9, 1983, at which time Castleberry did not appear and her bond was conditionally forfeited. After proper notice was served upon it, the forfeiture was made final against the surety. The company filed a motion to reconsider or for a new trial which was denied by the trial court. This appeal by the surety timely ensued.
The company asserts that the sureties on a bail bond have completed their obligation when the defendant timely appears in the proper court and either pleads guilty or is found guilty. We disagree and affirm.
The bond bound the company for the appearance of Castleberry “until discharged by law.” An undertaking of bail binds the parties for the appearance of the defendant “until he is discharged by law.” § 15-13-60, Code of Alabama 1975.
At this time, the company cannot escape the consequences of its undertaking. The defendant has not yet been discharged by law. The sentence of the law was not pronounced upon the defendant *1346 and, until that occurs, the surety has control over the custody of their principal and can be held responsible. Livingston Bail Bonds, Inc. v. State, 450 So.2d 129 (Ala.Civ.App.1984). In comparing that case with the present case, there are no material differences in either the facts or in the applicable law. The bonds in each case assured the appearance of the defendant, “until discharged by law to answer the indictment.” In both cases the defendant pleaded guilty but failed to appear at a subsequent sentencing hearing. That decision is determinative of this appeal, especially where it stated that the defendant, “having failed to appear in court for sentencing, probation hearing, and restitution hearing as ordered, the trial court correctly forfeited his bond.” 450 So.2d at 130. In short, the two cases are substantially on all fours.
The trial court correctly forfeited the appearance bond and the judgment of the circuit court is affirmed.
The foregoing opinion was prepared by retired Circuit Judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
AFFIRMED.
All the Judges concur.