MADDOX, Justice.
This is an appeal from an order of final forfeiture of nine appearance bonds signed by the appellant Roxie Rice, as surety.
*1352 Dr. Richard Williams Galloway was arrested in 1981 and charged with nine counts of selling or giving away a controlled substance by issuing prescriptions without a legitimate medical purpose. Galloway was Rice’s family physician and had treated her husband, who was bedridden with cancer, for three years. He called Rice and asked her to sign a bond for his release, which she did on September 18, 1981.[1]
On April 2, 1982, Galloway pleaded guilty and was sentenced to serve a total of ten years in prison. At the sentencing hearing, Galloway applied for probation. After numerous continuances, a probation hearing was held in May 1983, and the trial court granted probation on one count, pending Galloway’s serving a one-year sentence on another of the counts. The court reserved a ruling on the other counts until Galloway delivered himself to begin serving his sentence, which was to be a week later. Galloway never appeared to begin serving his sentence. A final forfeiture was ordered against Rice on May 19, 1983.
Code 1975, § 15-13-60, states:
“The undertaking of bail bonds binds the parties thereto, jointly and severally, for the appearance of the defendant on the day fixed in the bond or undertaking from day to day of such session and from day to day of each session thereafter, until he is discharged by law and, if the trial is removed to another county, for the appearance of the defendant from day to day of each session of the court to which it is removed until discharged by law.”
In a long line of cases, Alabama courts have consistently held that the surety of a bond is “discharged by law” when the defendant is sentenced. See, Livingston Bail Bonds, Inc. v. State, 450 So.2d 129 (Ala.Civ.App.1984); Reed v. State, 245 Ala. 173, 16 So.2d 310 (1944); Miller v. State, 158 Ala. 73, 48 So. 360 (1909); Ex parte Williams, 114 Ala. 29, 22 So. 446 (1897).
In Reed, this Court held:
“When the defendant Tommie Moore appeared, on April 13, 1942, submitted to a trial of his ease, was convicted and sentenced to the penitentiary, and on that conviction was taken into custody and confined in the county jail pending appeal, the obligation of his sureties upon his bail was at an end. His subsequent discharge without new bail was without authority of law.” (Citations omitted.)
Reed v. State, 245 Ala. at 174, 16 So.2d at 311.
The reason for this rule is stated in Williams, supra, as follows:
“Whenever a party is convicted and sentenced, he is no longer in the custody of his bail, but is in the custody of the proper officer of the law, and the bail are thereby discharged by the operation of law without a formal order to that effect. The condition of the bond then will have been fully complied with. The mere appearance of the defendant at court for trial, or his presence during trial, or a mistrial, will not operate to discharge the bail. The obligation of a proper bail bond binds the sureties, at least, until after the verdict of the jury; but when the sentence of the law is pronounced, the officer of the law is charged with its due execution. The bail have no further control over the custody of their principal, and can not be longer held responsible.” (Citations omitted.)
Ex parte Williams, 114 Ala. at 30-31, 22 So. at 446.
Therefore, the trial judge was under a duty to discharge the surety from her bond in this case at the time sentence was pronounced. As this Court stated in Miller v. State, 158 Ala. at 77-78, 48 So. at 362: “[T]he court could not, without their consent, revive their liability by simply ordering that ‘the defendant be held under his *1353 present bond.’ That would be the making of a contract, for the sureties and without their consent, by the court.”
When the trial court pronounced sentence on Galloway, the court had the power to require that he begin serving his sentence immediately. Instead, the court, in its discretion, decided to release Galloway. If Rice were held to be still bound, then the court’s action would have added an unbar-gained-for risk to the obligation of the surety on her pretrial bond. This, as in Miller, would allow the trial court to make a contract for Rice without her consent. Therefore, the judgment of the trial court is due to be reversed.
REVERSED AND REMANDED.
TORBERT, C.J., and ALMON, BEATTY and HOUSTON, JJ., concur.

. The bonds were also signed by Leland Cunningham, of Cunningham Bail Bonds. However, only Rice has appealed.