ON REHEARING
This court sua sponte withdraws the opinion heretofore entered in this case on July 9, 1986, and substitutes this opinion therefor.
At issue is the duration of an appearance bond under Alabama law. The bonding company appeals, contending its obligation as surety on a bond was discharged by the plea of guilt and sentencing of the accused. In view of § 15-22-51 (b), Code of Alabama 1975, which permits the continuance of a bond until the disposition of a probation application, we affirm the trial court's order of final forfeiture and hold appellant liable on the bond.
These are the facts. All South Bonding Company, Inc. (All South) was surety on a bond with the accused as principal. The bond in question was a consolidated bond, a form contract published under the aegis of the Alabama Unified Judicial System. It contained the following provision: "It is agreed and understood that this is a continuing bond which shall *Page 787 
continue in full force until such time as the undersigned are duly exonerated." "Exoneration" has been defined as "the surrendering of the defendant into the custody of the sheriff."Miller v. State, 158 Ala. 73, 48 So. 260, 362 (Ala. 1909); alsosee § 15-13-62, Code of Alabama 1975. Although the accused appeared in court, entered a guilty plea and was sentenced, he was never surrendered into the custody of the sheriff. No exoneration having taken place, All South was "bound by its obligation until discharged by order of the court." LivingstonBail Bonds v. State, 416 So.2d 423, 426 (1982).
The court did not discharge All South of its obligation on the bond. Instead, in response to the accused's application for probation, it expressly ordered that the same bond be continued until the date of the probation hearing. It is clear that such an order is permissible under § 15-22-51 (b), Code 1975. In pertinent part that section reads:
 "[I]n all cases where the defendant was on bond prior to the time of the trial and an application for probation is made to the court, then the judge of such court, in his discretion, may suspend the execution of the sentence pending the disposition of the application for probation and continue the defendant under the same bond that he was under or, in his discretion, may raise the bond or lower the same pending the disposition of the application for probation, and such bond shall remain in full force and effect until the application for probation is finally disposed of."
Appellant cites several cases to the effect that once an accused is convicted and sentenced the custody of the accused is with the sheriff, and any obligation of the bonding company on the bond is thereby discharged. Miller, supra; Ex parteWilliams, 114 Ala. 29, 22 So. 446 (1897); Sonny Livingston BailBonds, Inc. v. State, 460 So.2d 1345 (Ala.Civ.App. 1984);Livingston Bail Bonds, Inc. v. State, 450 So.2d 129
(Ala.Civ.App. 1984). In each of those cases, the sentencing of the accused concluded the proceedings. It was the disposition of the case and the surrender of the accused to the custody of the sheriff that discharged the bail in those cases. In this case we have neither a final disposition nor a surrender to the sheriff. What we do have is the accused's probation application and the court's order of continuance under the same bond until the final disposition of his probation application. Such an order is contemplated and provided for by an Alabama statute. §15-22-51 (b), Code 1975.
We have considered appellant's argument that the provision of the statute relating to the authority of the trial court to continue the bond pending the probation decision is unconstitutional. The constitutional issue was never presented to the trial court, and it is therefore not usually available for argument on appeal. Ala. Digest, Appeal and Error Key No. 170 (2) (constitutional questions). However, we have considered it and find it not convincing.
Appellant's argument is that because the provision of the statute under consideration is not referred to in the title of the section, it does not comport with the requirements of the Ala. Const. art. IV, § 45. The argument fails, as do the case authorities cited in support of it, because the title referred to in the argument is that of the code section. The "title" of the law referred to in the constitution and the cases cited is that of the act as presented to the legislature at the time of its enactment. Section (b) of § 15-22-51 was enacted by the legislature in 1956 (1956 Acts of Ala. 28, 2d Ex. Sess. at 298). The title of the act as introduced and passed was "To amend Section 21 of Title 42 of the Code of Alabama 1940 (Pertaining to suspension of sentence after conviction)." We find such explanation of the contents of the act to be sufficient under the constitution. "The title of a bill need not specify every provision *Page 788 
contained. The `one subject' test of § 45 is satisfied when the bill's provisions are all referable to and cognate of the subject of the bill." Opinion of the Justices, 294 Ala. 555,319 So.2d 682 (1975). We find the provisions of the statute relating to the continuance of a bond until the application for probation is finally disposed of to be referable to the subject of the title of the amendment to the original statute, to-wit: "suspension of sentence after conviction."
The judgment is due to be affirmed.
REHEARING GRANTED; ORIGINAL OPINION WITHDRAWN; AFFIRMED.
BRADLEY and HOLMES, JJ., concur.
 *Page 23