THIGPEN, Judge.
These appeals involve final forfeiture of bonds signed by the appellant, O.K. Bonding, a division of Bailey, Banks & Birchfield, Inc. (O.K. Bonding), as surety.
In December 1991 and February 1992, the grand jury of Tuscaloosa County returned two indictments against Coretta McMiller, alias Coretta MeMillian, charging her with theft of property in the second degree. O.K. Bonding issued the bonds required on each ease. In July 1992, McMiller was sentenced to incarceration. She applied for probation and was apparently allowed to remain at large, pending a probation hearing. Upon her failure to appear at her probation hearing, forfeitures were entered against McMil-ler and O.K. Bonding; those forfeitures were made final in November 1993. It does not appear of record that the bonds were continued from sentencing until the time of the probation hearing. Hence, these appeals. The appeals were consolidated by this court, ex mero motu.
The parties agree that the trial court erred in entering the forfeitures and that these cases are controlled by our Supreme Court’s ruling in Rice v. State, 488 So.2d 1351 (Ala.1986), which reiterated the general rule that “the surety of a bond is ‘discharged by law’ when the defendant is sentenced.” See also Reed v. State, 245 Ala. 173, 16 So.2d 310 (1944); Miller v. State, 158 Ala. 73, 48 So. 360 (1909); and Livingston Bail Bonds, Inc. v. State, 450 So.2d 129 (Ala.Civ.App.1984).
Accordingly, the forfeitui’e judgments of the trial court are reversed and the causes are remanded for entry of an order or orders consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, J., concur.