THIGPEN, Judge.
Bailey, Banks & Birchfield, Inc. (Bailey) became surety on a consolidated appearance bond of Anthony L. Johnson dated December 17, 1991. The condition of the undertaking stated that “this is a continuing bond which shall continue in full force and effect until such time as the undersigned are duly exonerated.” Ultimately, in September 1993, Johnson entered a plea of guilty to the unlawful sale of a controlled substance, and applied for probation. The trial court appended the following order to the application for probation:
“The defendant is to remain under the same bond until discharged by Order of the Court. It is agreed and understood that this is a continuing bond which shall continue in full force until such time as the undersigned is duly exonerated.”
Johnson did not appear for a scheduled probation hearing in March 1994, and notice of conditional forfeiture was given to Bailey. After a forfeiture hearing in May 1994, the forfeiture was made final. Bailey moved for relief from the forfeiture. Following a hearing, the trial court denied the motion on June 23, 1994; hence, Bailey appeals.
The State asserts that the appeal is due to be dismissed inasmuch as the forfeiture was made final on May 20,1994, and the notice of appeal was not filed until August 4, 1994, more than 42 days from the date of the judgment. The State contends that Bailey’s motion for relief, filed May 25, 1994, was not a post-judgment motion in accordance with Rule 50, 52, 55, or 59, A.R.Civ.P, and therefore did not toll the running of the time for filing the notice of appeal. This court considers Bailey’s motion to set aside the forfeiture to be a post-judgment motion filed pursuant to Rule 59, A.R.Civ.P. “It is well settled that ‘[t]he label one places on a motion is of little importance since the nomenclature of a motion is not controlling.’ Consequently, the courts in Alabama consider the relief sought within the motion in order to determine how to treat the motion.” H.S. v. G.H., 640 So.2d 959, 960 (Ala.Civ.App.1994) (citation omitted). The motion was denied on June 23, 1994; therefore, the notice of appeal filed August 4, 1994, was timely.
From the record, it appears that the bond provision in question here is identical to the bond provision this court reviewed in All South Bonding Co. v. State, 496 So.2d 786 (Ala.Civ.App.1986). In All South, this court observed that the bond in question was a “form contract published under the aegis of the Alabama Unified Judicial System.” All South at 786. The bond contained the following provision: “[Tjhis is a continuing bond which shall continue in full force until such time as the undersigned are duly exonerated.” This court then stated that “ ‘[exoneration’ has been as defined as ‘the surrendering of the defendant into the custody of the sheriff.’ ” All South at 787 (citations omitted). See Miller v. State, 158 Ala. 73, 48 So. 360 (1909); see also Ala.Code 1975, § 15-13-62. As in All South, although the defendant appeared in court, entered a guilty plea, and was sentenced, he was never surrendered into the custody of the sheriff. No *859 exoneration having taken place, Bailey was “ ‘bound by its obligation until discharged by order of the court.’ ” All South at 787 (quoting from Livingston Bail Bonds v. State, 416 So.2d 423, 426 (Ala.1982)).
After sentencing, the defendant applied for probation, and the court expressly ordered that the same bond be continued until the date for the probation hearing. Such an order is permissible, pursuant to Ala.Code 1975, § 15 — 22—51(b).[1] Like the bonding company in All South, Bailey relies upon cases holding to the effect that once an accused is convicted and sentenced, the custody of the accused is with the sheriff, and any obligation of the bonding company on the bond is thereby discharged, citing Rice v. State, 488 So.2d 1351 (Ala.1986); Reed v. State, 245 Ala. 173, 16 So.2d 310 (1944); and Ex parte Williams, 114 Ala. 29, 22 So. 446 (1897). All South noted distinctions regarding the sentencing of the accused in certain cases:
“It was the disposition of the ease and the surrender of the accused to the custody of the sheriff that discharged the bail in those cases- What we do have is the accused’s probation application and the court’s order of continuance under the same bond until the final disposition of his probation application. Such an order is contemplated and provided for by an Alabama statute. § 15-22-51(b), Code 1975.”
All South at 787.
Notwithstanding the provisions regarding the discharge of liability of a surety on the undertaking of bail in a particular matter, neither the new act nor prior acts prohibit the parties here from entering into a continuing bail agreement that would bind the surety beyond the sentencing and into the probation phase of criminal litigation.
For the foregoing reasons, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and MONROE and CRAWLEY, JJ., concur.
YATES, J., concurs in the result only.

. This court is mindful of the tortured passage and amendment of The Alabama Bail Reform Act of 1993, Ala.Code 1975, § 15-13-100, amended by Ala. Act No. 93-901, providing for the effective date of July 1, 1994. Thus, on its face, this legislation appears not to have been in effect when the judgment was entered in this case, and the parties do not argue otherwise.