## A. J. LEE et al. vs. THE STATE.

1. CRIMINAL LAW: *Recognizance. Trial of principal. Escape.*

B. was indicted for burglary, and entered into recognizance with L. et al. as his sureties. B. appeared and was put on trial. During the trial he made his escape, and the case was withdrawn from the jury and continued. At the next term of the court he was called and came not. The sureties pleaded the above facts, and asked to be released. *Held,* that the accused was, in legal contemplation, in the custody of his sureties until formally surrendered to the sheriff, or until discharged by due course of law. They were bound for his appearance from term to term, and from day to day of each term. Code, 1871, § 2791. The mere presence of the accused for trial was not a surrender, nor did his arraignment and trial have this effect.

2. *Judgment upon recognizance.*

    Under the act of April 5, 1872, a judgment upon recognizance is a judgment final, and not judgment *nisi*.

ERROR to the Circuit Court of *Kemper* County.

Hon. ROBERT LEACHMAN, Judge.

The facts in this case are very brief, and sufficiently stated in the opinion of the court.

*J. S. Hamm,* for plaintiff in error, cited and commented on the following authorities: People *v.* Harrington, 42 Cal., 165; 10 Am. Rep., 296–298.

*G. E. Harris,* Attorney General, for the state, cited and commented on same authorities and Rev. Code of 1871, § 2791.

TARBELL, J, delivered the opinion of the court.

Bob Bester, being indicted for burglary, was released on bail, the plaintiffs in error becoming his sureties. He appeared for trial, during which he escaped; whereupon the cause was withdrawn from the jury and continued. At the succeeding term the accused and his sureties were formally called. As an excuse for not producing the body of the accused, his sureties filed a plea averring that pending the trial the accused was in the custody of the court, or of the law, and that he escaped through the fault of the officers of the state, and not of his sureties. To this plea there was a demurrer, which was sustained, and there was judgment final against plaintiffs in error on their bond. From that judgment they prosecuted this writ of error. The errors assigned are, that the court erred in sustaining the demurrer and in rendering judgment on the bond.

When the plaintiffs in error became sureties for the appearance of Bester, they became, in legal contemplation, his jailers. He was in their custody, and so remained until formally surrendered by them to the custody of the sheriff. Their obligation of the recognizance entered into by them was, that the accused would appear from term to term, and from day to day, until discharged

by due course of law.    Such is also the requirement of the Code, § 2791.

The record shows that the accused was not surrendered by his sureties, either to the court or to the sheriff.    He was present on his trial but in the custody of his sureties, who, according to the code and the terms of their undertaking, were his keepers until he was duly surrendered by them, or he was discharged by due course of law.    The mere presence of the accused for trial was not a surrender; nor had his arraignment and trial this effect. The code and the recognizance require him to be in attendance upon the court, and obey and abide its orders and judgments.

The cases cited for plaintiffs in error do not sustain the view urged in their behalf.    In both 42 Cal., 165 and 36 Miss., 542 (Price's Case), the accused are understood to have been in the custody of the officers of the court.    Such is certainly the fact in the case cited from California.    Price had been out on bail, but it would seem to be clear that he had been surrendered by his sureties.    The point in the case at bar was not presented in the case of Price.

Under sec. 4 of the act of April 5, 1872, p. 88, judgment on recognizance is final and not *nisi*.    This has been several times decided by this court.

Judgment affirmed.