THOMAS, J.,
for the Court:
¶ 1. Frontier Insurance Company and Gulf Bonding Company appeal the denial of their motion to set aside final forfeiture and judgment on their bond, raising the following issues as error:
I. AN APPEARANCE BOND IS TERMINATED AND THE SURETIES ON THE BOND ARE RELEASED FROM LIABILITY AFTER THE DEFENDANT IS CONVICTED.
II. THE SURETY ON AN APPEARANCE BOND IS ENTITLED TO NOTICE THAT THE DEFENDANT HAS BEEN CONVICTED AND ENTITLED TO NOTICE PRIOR TO THE DEFENDANT’S RELEASE FROM CUSTODY AFTER CONVICTION.
¶ 2. Finding error, we reverse and render.
FACTS
¶ 3. Frontier Insurance Company (Frontier) and Gulf Bonding Company (Gulf Bonding) are in the business of writing bonds for persons charged with crimes in the State of Mississippi. On March 13, 1995, Frontier and Gulf Bonding posted a bond on behalf of Deon Roland Russell in the amount of $20,000. At the time, Russell was being held in the custody of the Washington County Jail on the charge of possession of cocaine with intent to distribute. With the posting of the bond, Russell was released from custody. The terms and conditions of the bond were as follows:
We, CLIENT: Deon Roland Russell, principal and FRONTIER INS. CO. And GULF BONDING CO., surety, agree to bind ourselves and legal representatives to pay the State of Mississippi, $20,000.00 unless the said CLIENT: Deon Roland Russell shall appear at the next term of Circuit Court of said County, to be held on the_day of Not Set, 19 — . AMOUNT OF BOND: Twenty Thousand and Dollars, to answer the charge of Poss. Of Cocaine with intent to Deliver and remain from day to day and term to term until discharged by due course of law.
¶ 4. Russell was subsequently indicted along with Sylvia Lou McClay and Gregory Antoine Dixon on a two-count indict *1022 ment for conspiracy and possession of cocaine with intent to deliver. Russell failed to appear in the Circuit Court of Washington County on March 1, 1996. Therefore, the court issued an initial forfeiture on the bond, and a scire facias was issued for April 1, 1996. On June 7, 1996, Russell appeared and waived arraignment, pleading not guilty to the charges. On August 1, 1996, the court mistakenly entered a final forfeiture against Gulf Bonding in the amount of $20,000, which was subsequently set aside on September 18,1996.
¶ 5. This matter eventually proceeded to trial. On December 6, 1996, the jury returned a verdict of guilty against Russell on both charges. Following conviction, a discussion took place outside the presence of the jury panel. Relevant portions of that discussion are as follows:
THE COURT: Ms. McClay and Mr. Russell, the jury has found you guilty of both counts in the indictment; therefore, the Court is going to continue this matter for sentencing and remand you to the custody of the Washington County Sheriffs Department.
MR. GRIMES [Russell’s attorney]: Your Honor, may I be heard on the being remanded into custody?
THE COURT: Yes, sir.
MR. GRIMES: Yes. Mr. Russell has been to Court every day this week. He knew the charges that were facing him, and he knew the chance or possibility of being convicted. He’s never been convicted before. He’s come from California on I don’t know how many occasions to this Court. I do not believe he would flee the jurisdiction of this Court if allowed to be — to remain on bond pending the sentencing in this case. I don’t know what the Court’s position is as to what sentence Mr. Russell will be receiving, but I do not believe that Mr. Russell poses a threat of flight. And I would ask the Court to allow him to remain on bond that’s presently.
THE COURT: It’s my understanding that while he was out on bond he was California. Is that correct?
MR. GRIMES: That what?
THE COURT: Where was he out on bond?
MR. GRIMES: He was in California. He resides in California. I don’t think that there have been any indication or no information that he will flee the jurisdiction of this Court. He is here for trial.
[[Image here]]
THE COURT: All right, anything from the State?
MR. CARLTON [Prosecutor]: Well, your Honor, the State would oppose that motion and point out that I believe Mr. Russell was not here in July. I think the record will reflect that we attempted to try this case in July and he wasn’t here then. So while what counsel says may well be true, there is another side to the coin. And in addition to that, prior to now neither Ms. McClay had been convicted. So I think that changes the equations, and I would oppose to their staying out on the same bond pending the Court’s decision.
THE COURT: Any other arguments from the defendants?
MR. GRIMES: Your Honor, if I recall the last time we were here when we continued the case, it was for several reasons. No. 1, Mr. Perkins had a mis-communication with Ms. McClay as to when she was supposed to be here for trial, and I believe she informed or Mr. Perkins informed the Court that she was at a family reunion and that she was in transit if the Court wanted her here and she would be here the next day.
As to Mr. Russell, I informed the Court that he had missed a flight and that he would be on another flight that would get him here that evening. He arrived that evening and he was available for trial the next day. The matter was continued I believe because there *1023 was a conflict as to Mr. Perkins being able to represent Ms. McClay and having represented Mr. Dixon and represented some other people involved with the case, so I believe the matter was continued not necessarily because of the — these two people not being here, but because of a conflict, and then we set it for this week. Mr. Russell has been here and was here first thing Monday morning, so I don’t think that what counsel has said has changed the equation as far as their flight. I just spoke to Mr. Richard’s lawyer and Mr. Richard was involved in this, and Mr. Richards was on probation or parole at the time and his sentence I believe as I was informed was three years. Maybe that was a mistake or misinformation.
THE COURT: Which is the maximum for what he pled to.
MR. GRIMES: Okay, for what he pled to. But the maximum here I understand is more than that. But I also understand that there is a possibility of even probation being given here. If I’m wrong, correct me. So that’s the range. I don’t think that there is [a] graver situation as far as Mr. Russell flight attempt. And that’s all I’m saying. I think the young man has deserved the respect of the Court as far as he has kept his word, he is here, and there are no indications that he won’t be here in the future.
[[Image here]]
THE COURT: All right, the Court will take that under consideration and make a ruling later on today but not at this moment. All right, you all can be dismissed, but right now they going over to the Washington County Sheriffs Department.
MR. CARLTON: All dismissed?
THE COURT: You all dismissed.
¶ 6. On the same day the court ordered that Russell could be released pending-sentencing on the existing appearance bond plus an additional $10,000. The additional $10,000 was posted by Big McCloud Bonding Company (Big McCloud), and Russell was released from custody on December 10, 1996. However, Russell failed to appear for sentencing. A final forfeiture of the $20,000 was filed against Frontier and Gulf Bonding on May 1, 1997. A final forfeiture of the $10,000 was filed against Big McCloud on May 2,1997.
¶ 7. On October 13, 1997, Frontier and Gulf Bonding filed a motion to set aside the final forfeiture alleging that the conditions of the bond were fully met, and their obligation under the bond was terminated once the jury returned its verdict. Without a hearing, the court denied the motion, holding that the court never released Frontier and Gulf Bonding’s obligation under the bond. Frontier and Gulf Bonding then filed a motion to reconsider which was also denied. Aggrieved, Frontier and Gulf Bonding perfected this appeal.
ANALYSIS
I.
AN APPEARANCE BOND IS TERMINATED AND THE SURETIES ON THE BOND ARE RELEASED FROM LIABILITY AFTER THE DEFENDANT IS CONVICTED.
II.
THE SURETY ON AN APPEARANCE BOND IS ENTITLED TO NOTICE THAT THE DEFENDANT HAS BEEN CONVICTED AND ENTITLED TO NOTICE PRIOR TO THE DEFENDANT’S RELEASE FROM CUSTODY AFTER CONVICTION.
¶ 8. Frontier and Gulf Bonding argue that once Russell appeared for trial and was convicted, their obligations on the bond had been met and their liability terminated. In addition, Frontier and Gulf Bonding argue that they should have received notice that Russell had been placed in the Washington County Jail, and the court’s intention to release Russell from *1024 custody upon the posting of an additional $10,000 bond.
¶ 9. A defendant’s right to bail is guaranteed by Article 3, Section 29 of the Mississippi Constitution of 1890, which reads in pertinent part as follows:
(1) Excessive bail shall not be required, and all persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses (a) when the proof is evident or presumption great; or (b) when the person has previously been convicted of a capital offense or any other offense punishable by imprisonment for a maximum of twenty (20) years or more.
(emphasis added).
¶ 10. Our supreme court has held that “[tjhis constitutional section has been interpreted to provide a non-discretionary right to bail before conviction for all offenses, except those offenses punishable by death when the proof of guilt is evident or the presumption of guilt is great. The constitutional right to bail before conviction, less the exception, has become so fundamental that it is favored by the pub-lie policy of this State.” Lee v. Lawson, 375 So.2d 1019, 1021 (Miss.1979) (citations omitted) (emphasis added). “[T]he right to bail as defined in Section 29 is confined to the period prior to conviction. The right to bail after conviction is not within that section.” Ex Parte Willette, 219 Miss. 785, 790, 63 So.2d 52, 54 (1953) (citations omitted) (emphasis added).
¶ 11. Miss.Code Ann. § 99-5-5 (Rev. 1994) provides for bail prior to conviction, and in March 1995[1] read as follows:
All bonds and recognizances taken for the appearance of any party, either as defendant, prosecutor, or witness in any criminal proceeding or matter, shall be made payable to the state, and shall have the effect to bind the accused and his sureties on the bond or recognizance until the principal shall be discharged by due course of law, and shall be in full force, from term to term, without renewal.
¶ 12. Miss.Code Ann. § 99-35-115 (Rev. 1994) provides for post-conviction bail pending appeal, and in December 1996[2] read as follows:
*1025 (1) A person convicted of treason, murder, rape, arson, burglary or robbery shall not be entitled to be released from imprisonment pending an appeal to the Supreme Court, unless it be so ordered by the court in which conviction is had, or by the Supreme Court, or by the judge who presided at the conviction, or the judge of the district in which conviction was had, or a judge of the Supreme Court in vacation of said court; and the making of such order shall be a matter of discretion with either the court or judge to be exercised with the greatest caution, and only when the peculiar circumstances of the case render it proper. (2) A person convicted of any felony other than those enumerated in subsection (1) of this section shall be entitled to be released from imprisonment on bail pending an appeal to the Supreme Court, except that the trial may deny bail to such person pending his appeal upon making a determination that the release of such person would constitute a special danger to any other person or to the community or that no condition or combinations of conditions will reasonably assure the appearance of the person as required. In the event a trial judge denies bail to such convicted person, the judge shall place his reasons for such denial of record in the case. Upon a denial of bail pursuant to this subsection, such person shall have the right to apply to a justice of the Supreme Court for an emergency hearing.
¶ 13. As is readily apparent, the constitution and laws of Mississippi contemplate two types of bail, namely pre-conviction bail and post-conviction bail. The bond posted by Frontier and Gulf Bonding was to secure Russell for trial. But the question remains, when had Frontier and Gulf Bonding satisfied their obligations under the bond?
¶ 14. Our supreme court has never specifically addressed the question presented in this appeal. However, a review of existing precedent and laws of this State convince us that Frontier and Gulf Bonding’s obligation under the bond ceased at that point Russell was convicted and remanded to the custody of the Washington County Sheriffs Department.
¶ 15. In the ancient case of Lee v. State, 51 Miss. 665, 666 (1875), the defendant, who had been released on bail, appeared for trial but escaped prior to a verdict. When the State sought forfeiture on the bond, the sureties claimed that the defendant was in the custody of the court, or of the law, and that he escaped through their fault and not the fault of the sureties. Id. Our supreme court in upholding the forfeiture held:
When the plaintiffs in error became sureties for the appearance of Bester, they became, in legal contemplation, his jailers. He was in their custody, and so remained until formally surrendered by them to the custody of the sheriff. Their obligation of the recognizance entered into by them was, that the accused would appear from term to term, and from day to day, until discharged by due course of law. Such is also the requirement of the Code, § 2791.
The record shows that the accused was not surrendered by his sureties, either to the court or to the sheriff. He was present on his trial but in the custody of his sureties, who, according to the code and the terms of their undertaking, were his keepers until he was duly surrendered by them, or he was discharged by due course of law. The mere presence of the accused for trial was not a surrender; nor had his arraignment and trial this effect. The code and the recognizance require him to be in attend- *1026 anee upon the court, and obey and abide its orders and judgments.
Id. at 666-67 (emphasis added).
¶ 16. Clearly, the mere presence of Russell for trial did not relieve Frontier and Gulf Bonding from their obligations under the bond. However, when Russell was found guilty and remanded to the custody of the Washington County Sheriffs Department on December 6, 1996, the obligations undertaken by Frontier and Gulf Bonding ceased. At that point, Russell was no longer in the control or custody of Frontier and Gulf Bonding, but was in the custody of the Washington County Sheriffs Department. The record indicates that Russell remained in the custody of the Washington County Sheriffs Department until December 10, 1997, at which time Russell was released when the additional $10,000 was secured.
¶ 17. The State argues that Russell was not re-incarcerated following his conviction but was immediately released on the existing bond plus the additional $10,000. The State is correct in stating that upon being convicted Russell’s defense counsel asked that Russell be allowed to remain out on the existing bond. Furthermore, the State is also correct in that the court docket dated December 6, 1996 states that “defendant released on existing appearance bond plus an additional $10,000,” and that this language appears on the jury and verdict order dated December 6, 1996. However, the record clearly indicates that the trial judge reserved ruling on whether Russell could remain out on bond, and that the trial judge remanded Russell to the custody of the Washington County Sheriffs Department pending his ruling. Furthermore, the order which allowed the defendant to be released on bail is dated December 10, 1996. Finally, the court’s order denying Frontier and Gulf Bonding’s motion to set aside the final forfeiture of their bond indicates that Russell was released on December 10, 1996[3].
¶ 18. As stated supra, Mississippi law recognizes two types of bail, pre-conviction and post-conviction, bail. The Mississippi Constitution of 1890 guarantees bail to persons “before conviction.” Miss.Code Ann. § 99-35-115 (Rev.1994) authorizes bail “pending appeal” to such persons “convicted of any felony.” Such language evidences the fact that conviction in and of itself marks the demarcation line regarding bail and not conviction and sentencing. It is self-evidence that once an individual is duly convicted by a jury of his peers, the chance for flight dramatically increases. The increase risk evidences a new obligation on the part of those posting bonds and is generally demonstrated with higher bail amounts for one who has been convicted and is awaiting appeal.
¶ 19. In the case sub judice, once Russell was convicted the court only allowed Russell out on bail with the posting of an additional $10,000. In essence, the court was releasing Russell on bail pending appeal for a bond of $30,000. Big McCloud undertook an obligation of $10,000 for the bail but nothing in the record indicates that Frontier and Gulf Bonding undertook the obligation of the remaining $20,000. Frontier and Gulf Bonding were neither notified nor accepted this new obligation. The only way Frontier and Gulf Bonding would be liable after conviction would be by the express terms of the bond itself. As noted earlier, the bond in this case reads as follows:
We, CLIENT: Deon Roland Russell, principal and FRONTIER INS. CO. And GULF BONDING CO„ surety, *1027 agree to bind ourselves and legal representatives to pay the State of Mississippi, $20,000.00 unless the said CLIENT: Deon Roland Russell shall appear at the next term of Circuit Court of said County, to be held on the_day of Not Set, 19 — . AMOUNT OF BOND: Twenty Thousand and Dollars, to answer the charge of Poss. Of Cocaine with intent to Deliver and remain from day to day and term to term until discharged by due course of law.
¶ 20. The language of this bond comes from Miss.Code Ann. § 99-5-1 (Rev.1994). Furthermore, the language “remain from day to day and term to term until discharged by due course of law,” is exactly the type of language used in Lee. Our supreme court in Lee held that according to their undertaking that the sureties were the defendant’s keepers “until he was duly surrendered by them, or he was discharged by due course of law.” Lee, 51 Miss, at 667. We hold that Frontier and Gulf Bonding surrendered Russell at the point he was convicted and remanded to the custody of the Washington County Sheriffs Department. At that point, any obligation of Frontier and Gulf Bonding under the original bond ceased, and any further obligation could only be accomplished through notification to and acceptance by Frontier and Gulf Bonding.
¶ 21. The State also makes the argument that Russell failed to appear for a proceeding ordered by the court, namely sentencing. Therefore, the State maintains that forfeiture was proper under Miss.Code Ann. § 99-5-25 (Rev.1994). Miss.Code Ann. § 99-5-25 (Rev.1994) reads in pertinent part:
(1) If a defendant, prosecutor, or witness in any criminal case, proceeding, or matter, fails to appear for any proceeding as ordered by the court, then the court shall order the bail forfeited and a bench warrant issued at the time of nonappearance. The purpose of bail is to guarantee appearance and bail shall not be forfeited for any other reason. Upon declaration of such forfeiture the court shall issue a judgment nisi. The clerk of the court shall notify the surety of the forfeiture by writ of scire facias within five (5) working days of such order of judgment nisi either by personal service or by certified mail. The judgment nisi shall be returnable for ninety (90) days from the date of issuance. If during such period the defendant appears before the court or is arrested and surrendered, then the judgement nisi shall be set aside. If the surety fails to produce the defendant and does not provide to the court reasonable mitigating circumstances upon such showing, then the forfeiture shall be made final. Reasonable mitigating circumstances shall be that the defendant is incarcerated in another jurisdiction, that the defendant is hospitalized under a doctor’s care, that the defendant is in a recognized drug rehabilitation program, that the defendant has been placed in a witness protection program and it shall be the duty of any such agency placing such defendant into a witness protection program to notify the court and the court to notify the surety, or any other reason justifiable to the court.
(emphasis added).
¶ 22. The State also cites Nix v. State, 213 So.2d 554, 559 (Miss.1968),[4] in which our supreme court stated that “[t]he guilt or innocence, conviction or acquittal, of the person criminally charged is not the basis of forfeiture. The breach of the bond takes place when the defendant fails to report in court as required and the court enters that fact of record.” However, both Miss.Code Ann. § 99-5-25 (Rev.1994) and Nix presupposes that the surety has an obligation under the bond.
*1028 ¶ 23. In Nix, the defendant failed to appear at trial, but was brought into court by the sheriff that same day. Nix, 213 So.2d at 555. The defendant was eventually brought to trial the next day and acquitted of the charges. Id. Our supreme court held there was no legal excuse for the defendant not appearing at trial and upheld forfeiture of the bond. Id. at 559. In Nix, the sureties had an obligation but were attempting to have it excused. Our supreme court held that the fact the principal was found innocent constituted no defense for forfeiture. Id. Such is not our case. Frontier and Gulf Bonding are not seeking to have their obligation to produce Russell excused, for they no longer had an obligation once Russell was produced and convicted.
¶ 24. THE JUDGMENT OF THE WASHINGTON COUNTY CIRCUIT COURT IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WASHINGTON COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., COLEMAN, DIAZ, LEE, AND PAYNE, JJ., CONCUR.
BRIDGES AND IRVING, JJ., NOT PARTICIPATING.

. Miss.Code Ann. § 99-5-5 (Rev. 1994) has subsequently been amended as of July 1, 1997, and reads as follows:
All bonds and recognizances taken .for the appearance of any party, either as defendant, prosecutor, or witness in any criminal proceeding or matter, shall be made payable to the state, and shall have the effect to bind the accused and his sureties on the bond or recognizance until the principal shall be discharged by due course of law, and shall be in full force, from term to term, for a period of three (3) years, except that a bond returnable to the Supreme Court shall be in full force for a period of five (5) years. If it is necessary to renew a bond, it shall be renewed without additional premium. At the end of the applicable period, a bond or recognizance that is not renewed shall expire and shall be uncollectible unless the collection process was started on or before the expiration date of such bond or recognizance. Any bond or recognizance taken prior to July 1, 1996, shall expire on July 1, 1999. If a defendant is charged with multiple counts in one (1) warrant only one (1) bond shall be taken.
Miss.Code Ann. § 99-5-5 (Supp.1998).

. Miss.Code Ann. § 99-35-115 (Rev.1994) was subsequently amended as of July 1, 1997, and reads as follows:
(1) A person convicted of felony child abuse or any offense in which a sentence of death or life imprisonment is imposed shall not be entitled to be released from imprisonment pending an appeal to the Supreme Court.
(2)(a) A person convicted of any felony, not enumerated in subsection (1), shall be entitled to be released from imprisonment on bail pending an appeal to the Supreme Court, within the discretion of a judicial officer, if the convict shows by clear and convincing evidence that release of the convict would not constitute a special danger to any other person or to the community, and that a condition or a combination of conditions may - be placed on release that will reasonably assure the appearance of the convict as required, and only when the peculiar circumstances of the case render it proper.
'(b) If bail is denied, the judicial officer shall place the reasons for such denial of record in the case.
(c) For the purposes of this section, "judicial officer” means the trial court or trial *1025 judge, a judge of the district in which the conviction occurred, the Supreme Court or a justice of the Supreme Court in vacation of the court.
(d) The victim or family of a victim shall be entitled to submit a written statement objecting to the granting of release on bail pending appeal.
Miss.Code Ann. § 99-35-115 (Supp.1998).

. The order denying Frontier and Gulf Bonding’s motion to set aside the final forfeiture of their bond reads "[t]hat on or about December 10, 1997, pending sentencing Russell was released on the existing bond plus an additional $20,000.” This order was filed on October 21, 1997. Obviously, the court made an error in dating Russell's release on December 10, 1997, and that the order should have read December 10, 1996. Furthermore, the order was incorrect in stating that Russell was released for an additional $20,000. The record clearly indicates that Russell was released conditioned on an additional $10,000.

. It should be noted that Miss.Code Ann. § 99-5-25 (Rev.1994), which was enacted subsequently to Nix, has in effect rendered the holding in Nix moot.