ROBERTS, J,
for the Court:
¶ 1. This appeal concerns the forfeiture of a bond issued by Liberty Bail Bonds and Legal Services. Liberty posted a $25,000 bond for Joshua Williams’s appearance in a criminal matter in the Rankin County Circuit Court. Williams eventually pleaded guilty to armed robbery and *335 was sentenced to fifteen years, with ten years suspended. At the conclusion of the plea hearing, Williams asked to be allowed to surrender himself the following Monday to begin the service of his sentence. The State did not oppose the request, and the circuit court granted it.
¶ 2. Williams did not surrender himself to the sheriff on the following Monday; he had absconded. The circuit court ultimately ordered his bond forfeited. Liberty contends on appeal that it was discharged by law as the surety after Williams was convicted and sentenced. We agree, and we hold that a surety’s obligation to ensure a defendant’s appearance on a pretrial appearance bond is terminated when the defendant is convicted and sentenced. Consequently, we reverse and render the circuit court’s judgment.
DISCUSSION
¶ 3. Both Liberty and the State point this Court to Frontier Insurance Company v. State, 741 So.2d 1021 (Miss.Ct.App. 1999). There, we held that a bondsman’s obligation had ended after a defendant was convicted at trial and remanded to the sheriffs custody. Id. at 1027 (¶ 20). Naturally, Liberty contends that Frontier hinged on the defendant’s conviction by the jury, while the State focuses on the formal remand of the defendant to the sheriffs custody pending sentencing. In this case, it is undisputed that Williams was never formally remanded to the sheriffs custody.
¶ 4. Because Williams was both convicted and sentenced, we need not address the question of whether adjudication of guilt in and of itself is sufficient to terminate the obligation of the surety. Nonetheless, we reiterate this Court’s admonition in Frontier: the Mississippi Constitution guarantees bail only prior to conviction. After a defendant is adjudicated guilty, whether it be by a jury trial or by the entry of a guilty plea, he should be remanded to the sheriffs custody. If the trial court intends to release the defendant pending sentencing, the court would be well advised to require a separate appearance bond for the sentencing hearing. If the court wishes for the defendant to remain on his present bond, it should notify the surety and secure an on-the-record acceptance of that additional responsibility before releasing the defendant from the sheriffs custody. As we said in Frontier:
Mississippi law recognizes two types of bail, pre-conviction and post-conviction bail. The Mississippi Constitution of 1890 guarantees bail to persons “before conviction.” Mississippi] Code Ann[otated section] 99-35-115 (Rev. 1994) authorizes bail “pending appeal” to such persons “convicted of any felony.” Such language evidences the fact that conviction in and of itself marks the demarcation line regarding bail and not conviction and sentencing. It is self-eviden[t] that once an individual is duly convicted by a jury of his peers, the chance for flight dramatically increases. The increase[d] risk evidences a new obligation on the part of those posting bonds and is generally demonstrated with higher bail amounts for one who has been convicted and is awaiting appeal.
Id. at 1026 (¶ 18).
¶ 5. That being said, in this case Williams was both convicted and sentenced by the circuit court prior to his release. The appearance bond, which tracks the language of the statute, states that Liberty would “pay ... unless [Williams] shall appear before the Circuit Court of Rankin County ... and ... remain ... until discharged by law....” See Miss.Code Ann. § 99-5-1 (Rev.2007). Since we are not aware of any Mississippi authority elabo *336 rating on this language, we take this opportunity to address it. We conclude that a surety on a pretrial appearance bond is discharged by law when the defendant is adjudicated guilty and sentenced.
¶ 6. Other courts have addressed substantially the same language. The Alabama Supreme Court noted that “[i]n a long line of cases, Alabama courts have consistently held that the surety of a bond is ‘discharged by law’ when the defendant is sentenced.” Rice v. State, 488 So.2d 1351, 1352 (Ala.1986) (citations omitted). The court recited the rationale as follows:
Whenever a party is convicted and sentenced, he is no longer in the custody of his bail, but is in the custody of the proper officer of the law, and the bail are thereby discharged by the operation of law without a formal order to that effect. The condition of the bond then will have been fully complied with. The mere appearance of the defendant at court for trial, or his presence during trial, or a mistrial, will not operate to discharge the bail. The obligation of a proper bail bond binds the sureties, at least, until after the verdict of the jury; but when the sentence of the law is pronounced, the officer of the law is charged with its due execution. The bail have no further control over the custody of their principal, and can not be longer held responsible.
Id. (quoting Ex parte Williams, 114 Ala. 29, 22 So. 446, 446 (1897)) (emphasis added). The Alabama court concluded that the pronouncement of the sentence is the critical point at which the court assumes custody of the defendant from the bondsman, because at that point the court has the power to order the defendant to begin serving the sentence. Id. at 1353. The fact that the court released the defendant for some period of time after sentencing was immaterial. Id.
¶ 7. We find the Alabama court’s analysis persuasive. We hold that Williams was “discharged by law” when the circuit court accepted his guilty plea and pronounced sentence. So, by the appearance bond’s own terms, the bondsman’s obligation was fulfilled when Williams was sentenced, and the circuit court erred in sustaining its judgment forfeiting the bond.
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, BARNES, ISHEE, CARLTON AND MAXWELL, JJ., CONCUR. RUSSELL, J., NOT PARTICIPATING.